Attorneys.—Not given.

## No. 556
## ALGIRE v. SPARLING
Ohio Appeals. 3rd District. Hancock County. No. 185. Decided May 5, 1925.

52. ADMINISTRATION. — 1. If person eligible to administer the estate refuses or neglects to take or renounce adminstration, and a person not eligible makes application for, then person so eligible is entitled to a citation.

2. Where parties are of same degree or class of kinship in application of one for appointment of administrator of estate, Probate Court need not give other party notice.

957. PROBATE COURT.—Clothed with judicial discretion under 10629 G. C. by which administrator may be removed.

WARDEN, J.

On May 7, 1924, Sarah Algire died leaving a number of nephews and nieces and grand-nieces and grand-nephews as her only heirs-at-law and next of kin. Alta Agire, the plaintiff, and B. D. Sparling, the defendant were of the same degree of relationship and on June 7, 1924, Sparling applied in the Probate Court for letters of administration of the estate of Sarah Algire, deceased. He set forth his relationship, and also that of other relatives and stated that the personal property was about $500, and that all the indebtedness against him was a note of $100. He gave the place of residence of a grand-niece and nephew in Hancock County and a declination of administration signed by two heirs. Upon this sworn application and the declination, Sparling was appointed administrator upon a bond of $1,000. No notice of this application was given to Alta Algire, nor was any citation issued by the court requiring her to appear and accept or decline administration.

On June 17, 1924, Algire filed her application in the probate court of Hancock County asking for the removal of Sparling stating that she was a resident of said county and was not cited by the court for the purpose of either

taking or renouncing administration of the estate before appointment of Sparling; she alleged fraudulent conduct on part of Sparling in representing to the court that the estate was valued only at $500 when as a matter of fact its value is $6,000, and for representing to the court that his indebtedness was a note for $100 when as a matter of fact he was indebted to the estate for $1,500. It was further averred that Sparling was guilty of fraudulent conduct in procuring the appointment under bond of only $1,000, and that unsettled claims existed between Sparling and the estate which may be subject to controversy or litigation. After hearing of the application the Probate Court sustained Sparling's motion for judgment and dismissed the application. The Hancock Common Pleas affirmed the judgment of the probate court. Error was prosecuted and Algire contended the appointment should be revoked because the court had no jurisdiction and on the ground of fraud. The Court of Appeals held:

1. Under 10617 G. C., Algire and Sparling were eligible to be appointed administrator of the estate; and it was upon failure of this class to take or renounce the administration that the citation became necessary.

2. If person eligible, makes application for appointment of administrator then no citation is necessary because there is not a failure of the person or persons entitled to administer the estate voluntarily, either to take or renounce the administration.

3. If a person eligible to administer voluntarily, neglects or refusing to take or renounce administration, and a person not eligible make such application, then a citation becomes necessary because the persons entitled to administer the estate voluntarily has not either taken or renounced such administration.

4. Under this interpretation of 10617 G. C. the Probate Court had jurisdiction to appoint Sparling without giving notice to Algire.

5. The application for removal is based on 10629 G. C.; said section allowing the court to remove an administrator after due notice is given for any of the grounds set forth therein. Under said section the probate court is clothed with judicial discretion not to be disturbed unless there has been a gross abuse of discetion, which in this case, there has not been such as would permit case to be reversed on grounds set forth in application.

Judgment affirmed.

Attorneys.—John E. Betts and C. M. Riegle for Algire; W. H. Kinder for Sparling; all of Findlay.